## S13A0238. WILLIAMS v. WILLIAMS.
### (742 SE2d 739)

BLACKWELL, Justice.

Carl and Nekissta Williams were divorced in June 2009. By the terms of the original decree of divorce, Nekissta was to have primary physical custody of their children, and Carl was to pay a certain amount each month to Nekissta as child support, an amount based in

part on a finding that Carl at that time had a gross monthly income of $4,166.67. Sixteen months later, Carl filed a petition to modify his child support obligation, claiming that he had lost his job since the divorce. Following a hearing, the trial court found that Carl by then had a gross monthly income of only $3,400, and based on this finding, the trial court granted his petition to modify the divorce decree.[1] Nekissta appeals, contending that the finding of gross monthly income is clearly erroneous. We agree, and we reverse the judgment below and remand for further proceedings consistent with this opinion.

At the hearing on the petition to modify, Carl testified that he had lost his job, that he had been doing contract work for several months since losing his job, that he earned $35 per hour for this contract work, and that he worked about 34 hours each week. When Nekissta asked Carl about his current monthly income, Carl answered that he brought home about $3,400 each month. To clarify that testimony, Nekissta then asked whether Carl was speaking of his gross monthly income, and Carl replied that he was not, confirming that $3,400 was the amount that he brought home each month. And when counsel for Nekissta told Carl that, by her calculations, it appeared that his gross monthly income was closer to $5,000, Carl responded, "Okay." The evidence contained in the record does not support — and, in fact, clearly contradicts — the finding of the trial court that Carl had a gross monthly income of $3,400 at the time of the hearing. Because the finding on which the trial court based its modification of the divorce decree is clearly erroneous, we must reverse the judgment below and remand for further proceedings consistent with this opinion, including a proper calculation of gross monthly income as shown by the record. See *Herrin v. Herrin*, 287 Ga. 427, 430 (696 SE2d 626) (2010).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED MAY 6, 2013.

*Shana M. Rooks*, for appellant.

---

[1] The hearing on the petition to modify was in April 2011, and the trial court entered an order granting the petition in September 2011. That order, however, failed to include written findings required under OCGA § 19-6-15 (c), a failure that Nekissta noted in her motion for new trial. In April 2012, the trial court denied her motion for new trial, but it entered an order that includes additional written findings in support of the modification and that attaches the mandatory child support worksheet. On that worksheet, the trial court found that Carl now has a gross monthly income of $3,400.

*Leah R. Brown*, for appellee.